COURT OF APPEALS
DECISION
DATED AND FILED

July 6, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP606-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2017CF4343

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

PATRICK D. MITCHELL,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Milwaukee County: JEFFREY A. WAGNER, Judge. *Affirmed*.

Before Donald, P.J., Dugan and White, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Patrick D. Mitchell appeals the judgment entered upon a jury's verdict convicting him of first-degree sexual assault of a child—sexual contact with a person under the age of thirteen. Mitchell argues that the trial court erroneously exercised its discretion by admitting other acts evidence of his 2003 conviction for first-degree sexual assault of a child. Upon review, we conclude there was no error, and we affirm.

## BACKGROUND

¶2 Mitchell was charged with first-degree sexual assault of a child—sexual intercourse with a child under the age of twelve—as a persistent repeater in September 2017. According to the criminal complaint, Mitchell allegedly sexually assaulted his niece, N.M.J., who was four years old, sometime between June 1, 2017, and July 1, 2017, while Mitchell slept over at the home N.M.J. shared with her mother.

¶3 Prior to trial, the State moved to admit evidence of Mitchell's conviction in 2003 for first-degree sexual assault of a child. The State argued the evidence was admissible as other acts evidence to show his character and that he acted with conformity with that character, under WIS. STAT. § 904.04(2)(b)2.

(2017-18).[1]  Over Mitchell's objection, the trial court granted the motion, finding that the evidence would be admissible.[2]

¶4     The case proceeded to trial in April 2018.  After testimony from N.M.J., which included showing a video of her forensic interview, N.M.J.'s mother, the forensic interviewer who interviewed N.M.J., and the pediatric nurse practitioner who examined N.M.J., the State moved to amend the count from sexual intercourse to sexual contact, which changed the underlying statutory violation to WIS. STAT. § 948.02(1)(e) (2017-18).  The State then introduced the evidence of Mitchell's prior conviction relying on WIS. STAT. § 904.04(2)(b)2., by reading the section of the criminal complaint to which Mitchell stipulated when he pleaded guilty of the offense of first-degree sexual assault of a child in 2003. Finally, Mitchell took the stand in his own defense, denying that he had sexual contact with N.M.J.  When the jury was instructed prior to deliberations, the court stated:

> Evidence has been received that Mr. Mitchell has been convicted of a first-degree sexual assault of a child.  You may, but are not required to, conclude from the evidence that the defendant has a certain character.  It may also include that—but you are not required to do so—that the defendant acted in conformity with that character with

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.  We note that there are no changes between the 2017-18 and 2019-20 versions of WIS. STAT. § 904.04.

[2] The State also argued in its written motion that the evidence of the 2003 conviction was admissible as other acts evidence to show motive, intent, or opportunity under WIS. STAT. § 904.04(2)(a) (2017-18).  In the pretrial hearing, the court found the evidence would also be admissible as other acts evidence; however, the evidence was introduced at trial as character evidence and the jury was instructed on its use for character evidence.  The admission of the conviction as other acts evidence pursuant to §904.04(2)(a) is not an issue on appeal and we do not address it further.

respect to the offense charged. You should give this evidence the weight you believe it is entitled to receive.

The jury found Mitchell guilty. The court sentenced Mitchell to a term of life imprisonment, without the possibility of parole or extended supervision.[3]

¶5    This appeal follows. Additional facts are included in the discussion.

## DISCUSSION

¶6    Mitchell challenges his conviction on the ground that the trial court erroneously exercised its discretion to admit evidence of his 2003 conviction of a serious child sex crime. He argues that the court erred when it concluded that the two offenses were similar, and he further contends that evidence of the prior conviction improperly inflamed the jury's contempt and horror. We reject Mitchell's arguments.

¶7    "A decision to admit or exclude evidence is within the [trial] court's discretion." *State v. Gutierrez*, 2020 WI 52, ¶17, 391 Wis. 2d 799, 943 N.W.2d 870. We review the trial court's decision on the admissibility of "other-acts evidence for an erroneous exercise of discretion." *State v. Marinez*, 2011 WI 12, ¶17, 331 Wis. 2d 568, 797 N.W.2d 399. We will sustain an evidentiary ruling if the trial court "examined the relevant facts, applied a proper standard of law, used a demonstrated rational process, and reached a conclusion that a reasonable judge

---

[3] Mitchell's sentence was mandated by WIS. STAT. § 939.62(2m)(b)2. (2017-18), which established that Mitchell was a "persistent repeater" because he was previously convicted of a "serious child sex offense on at least one occasion at any time" and as a "persistent repeater," he faced the increased penalty under § 939.62(2m)(c) (2017-18) of life imprisonment without possibility of parole or extended supervision. Although the previous offense that compelled this sentence is the same 2003 conviction at issue in the evidentiary ruling, the admission of this evidence is a separate question than the effect of the 2003 conviction on Mitchell's sentence. We do not interpret Mitchell to challenge the imposition of the life sentence mandated by statute.

could reach." ***State v. Hunt***, 2003 WI 81, ¶34, 263 Wis. 2d 1, 666 N.W.2d 771. If the trial court fails to set forth a basis for its ruling, we will "independently 'review the record to determine whether it provides an appropriate basis for the [trial] court's decision.'" ***Marinez***, 331 Wis. 2d 568, ¶17 (citation omitted).

¶8      Generally, "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith." WIS. STAT. § 904.04(2)(a). However, evidence of other crimes, wrongs, or acts may be admitted under a three-prong analysis if: (1) the evidence was offered for an acceptable purpose under § 904.04(2); (2) the evidence was relevant under WIS. STAT. § 904.01; and (3) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice, confusion, or delay under WIS. STAT. § 904.03. ***State v. Sullivan***, 216 Wis. 2d 768, 772-73, 576 N.W.2d 30 (1998).

¶9      Moreover, the trial court has greater latitude to admit other acts evidence in certain criminal proceedings relating to sexual assault, particularly those that involve sexual assault of a child.[4] *See* ***State v. Davidson***, 2000 WI 91, ¶36, 236 Wis. 2d 537, 613 N.W.2d 606. "The greater latitude rule … does not

---

[4] WISCONSIN STAT. § 904.04(2)(b) is the codification of the "greater latitude" rule. In subdivision one, for certain serious sex offenses or domestic abuse offenses, "evidence of any similar acts by the accused is admissible, and is admissible without regard to whether the victim of the crime that is the subject of the proceeding is the same as the victim of the similar act." Sec. 904.04(2)(b)1. In subdivision two, for first-degree sexual assault of an adult or child, the trial court is not prohibited from admitting evidence of a conviction of first-degree sexual assault of an adult or child "that is similar to the alleged violation, as evidence of the person's character in order to show that the person acted in conformity therewith." Sec. 904.04(2)(b)2. This rule was codified in 2005 Wis. Act 310, § 2, as a single subsection containing greater latitude for charges of first-degree sexual assault of a child or adult. However, subdivision one was added in 2013 Wis. Act 362, § 38, and the current version of subdivision two was also enacted at that time. Although the title "Greater latitude" is not part of the statute, it may be helpful in aiding our interpretation. ***State v. Dorsey***, 2018 WI 10, ¶30, 379 Wis. 2d 386, 906 N.W.2d 158.

relieve a court of the duty to ensure that the other acts evidence is offered for a proper purpose, is relevant, and its probative value is not substantially outweighed by undue prejudice." *Gutierrez*, 391 Wis. 2d 799, ¶29. However, the rule liberalizes each of *Sullivan*'s three prongs in favor of admitting similar acts of child sexual assault. *See Davidson*, 236 Wis. 2d 537, ¶51. Further, as part of the greater latitude rule, the trial court is not prohibited from "admitting evidence that a person was convicted of a violation of [§] 948.02(1) [for first-degree sexual assault of a child] … that is similar to the alleged violation, as evidence of the person's character in order to show that the person acted in conformity therewith." WIS. STAT. § 904.04(2)(b)2.

¶10    As a threshold matter, we consider the proper standard to admit evidence under WIS. STAT. § 904.04(2)(b)2.[5] The State argues that the *Sullivan* analysis is inapplicable because § 904.04(2)(b)2. permits a jury to hear evidence of a prior conviction that is "similar to the alleged violation" despite its prejudicial effect because a prior conviction may shed light on the alleged violation. It asserts that *Sullivan* applies to other acts evidence offered for certain purposes under § 904.04(2)(a), and not offered for the purpose of "prov[ing] the character of a person in order to show that the person acted in conformity therewith." We are not persuaded and we reject the State's argument.

¶11    To resolve this issue, we must interpret WIS. STAT. § 904.04(2)(b)2. "Statutory interpretation is undertaken to determine the statute's meaning, which

---

[5] In 2019, we found WIS. STAT. § 904.04(2)(b)2. was constitutional. *See State v. Gee*, 2019 WI App 31, ¶37, 388 Wis. 2d 68, 931 N.W.2d 287. There, the trial court applied a *Sullivan* analysis before it determined that a prior, similar first-degree sexual assault could be admitted. *Id.*, ¶13. We concluded that the admission was reasonable; however, we were not asked to determine whether *Sullivan* applied and declined to set a standard. *Id.*, ¶43.

we assume is expressed in the language chosen by the legislature." ***State v. Soto***, 2012 WI 93, ¶19, 343 Wis. 2d 43, 817 N.W.2d 848. "[W]hen engaging in statutory interpretation, we are assisted by prior decisions that have examined the relevant statutes." ***Id.***, ¶20.

¶12 We begin with the statutory language:

> In a criminal proceeding alleging a violation of s. 940.225 (1) or 948.02 (1), sub. (1) and par. (a) do not prohibit admitting evidence that a person was convicted of a violation of s. 940.225 (1) or 948.02 (1) or a comparable offense in another jurisdiction, that is similar to the alleged violation, as evidence of the person's character in order to show that the person acted in conformity therewith.

WIS. STAT. § 904.04(2)(b)2. This subsection falls within the codification of the greater latitude rule. Our task is to determine whether the plain meaning of § 904.04(2)(b)2. requires the ***Sullivan*** analysis when admitting evidence under that section of the statute. When ***Sullivan*** was decided, § 904.04(2) (1997-98) did not contain paragraph (b) or its two subdivisions. With those amendments, the plain meaning of the statutory language shows that the permissible purpose of other acts evidence may be predicated on the list of permissible purposes in § 904.04(2)(a) or in the situation set forth in § 904.04(2)(b)2.—a prior conviction of first-degree sexual assault when a person is charged with first-degree sexual assault pursuant to WIS. STAT. § 940.225(1) or WIS. STAT. §948.02(1).

¶13 We conclude that the ***Sullivan*** analysis is applicable to WIS. STAT. § 904.04(2)(b)2. for the same reasoning employed in ***State v. Dorsey***, 2018 WI 10, 379 Wis. 2d 386, 906 N.W.2d 158. There, our supreme court concluded that where § 904.04(2)(b)1. is an issue, the trial court "should admit evidence of other acts with greater latitude under the Sullivan analysis to facilitate its use for a permissible purpose." ***Dorsey***, 379 Wis. 2d 386, ¶33. While the ***Dorsey*** court

only addressed subdivision one, we can apply its reasoning and see that the requirement of permissible purpose still applies to subdivision two, along with the consideration of the greater latitude rule with regard to the admissibility of evidence. *See id.*. In its plain language, under § 904.04(2)(b)2., the permissible purpose of the proffered evidence is to show character and conformity therewith in first-degree sexual assault charges listed in the statute when a defendant has a previous conviction for the same. Therefore, the first prong of the *Sullivan* analysis is satisfied when such character evidence is offered for the permissible purpose set forth in subdivision two.

¶14 The question then becomes whether the admission of WIS. STAT. § 904.04(2)(b)2. character evidence should be analyzed under the second and third prongs of *Sullivan* while employing the greater latitude rule. At this point, we note that the second and third prongs of *Sullivan* mirror the statutory requirements that the trial court must ensure that the evidence is relevant under WIS. STAT. § 904.01 and it must exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice" under WIS. STAT. § 904.03. As our supreme court has explained, "[l]ike all evidence, other crimes evidence also must be relevant under WIS. STAT. § []904.01, and is subject to the balancing test of WIS. STAT. § []904.03." *Davidson*, 236 Wis. 2d 537, ¶34 (footnote omitted). We cannot ignore the statutory duties of the trial court in interpreting § 904.04(2)(b)2., and there is no reason in the plain meaning of the statutes to relieve the trial court from these duties. *See Gutierrez*, 391 Wis. 2d 799, ¶29. Further, the greater latitude rule "is not limited to any one prong." *Dorsey*, 379 Wis. 2d 386, ¶33. Ultimately, we conclude that the trial court has a duty to consider relevance and the risk of unfair prejudice in the admission of evidence under § 904.04(2)(b)2. within the context of the greater latitude rule. Accordingly, we reject the State's

argument to the contrary, and we will review the admission of Mitchell's 2003 conviction for relevance and the risk of unfair prejudice.

¶15 We now turn to the analysis of the admission of the 2003 conviction as character evidence under WIS. STAT. § 904.04(2)(b)2. As we concluded above, the permissible purpose is evidence of the prior first-degree sexual assault conviction to show Mitchell's character and conformity of his or her actions with that character. Structurally, Mitchell's instant case and his 2003 conviction satisfy the threshold requirements that both are violations of WIS. STAT. § 948.02(1) for first-degree sexual assault of a child. Therefore, our inquiry focuses on the similarity of the prior conviction and the alleged violation. At the hearing when the trial court granted the State's motion to admit the 2003 conviction, the trial court stated that the two incidents were "similar in nature." Mitchell argues there are significant dissimilarities. The State argues that the similarities are strong.

¶16 We recite the facts of the instant 2017 case and the 2003 conviction. The record reflects that in 2017, Mitchell allegedly touched his four-year-old niece's genitals with his penis, while she was sleeping on a living room couch with Mitchell and her mother. In 2003, Mitchell touched his foster mother's three-year-old great-granddaughter's genitals with his hands on three or four occasions in her bedroom. Mitchell argues that it is an important distinction that the 2017 allegation refers to a single sexual contact and the 2003 conviction refers to multiple instances of sexual contact. The State contends that simply because Mitchell was alleged to have inappropriately touched N.M.J. once, does not make the two incidents dissimilar. Mitchell contends the incidents are dissimilar because the 2017 allegation took place in a living room and the 2003 conduct took place in a bedroom. The State responds that both incidents took place where the child slept. Finally, Mitchell argues the incidents are dissimilar because the

9

current allegations were sexual contact of Mitchell's penis against N.M.J.'s genitals and the 2003 sexual touching was by his hand.[6] The State asserts that the body part that Mitchell used for sexual contact was not relevant to the charge. We conclude, considering the greater latitude rule, that the similarities in the child's age, the familial relationship of the child to Mitchell, the sexual touching on the child's genitals, and the location of the assaults in the sleeping area of the child's home are significant similarities. Therefore, our review of the record supports the trial court's exercise of discretion.

¶17    Nevertheless, Mitchell argues that the fourteen years between the 2003 conviction and the 2017 allegation is an important distinction not only because the length of time was remote, but because he was just under eighteen years old in the first instance and over thirty-one years old in the second. "Because of the considerable changes in character that most individuals experience between childhood and adulthood, behavior that occurred when the defendant was a minor is much less probative than behavior that occurred while the defendant was an adult." *State v. Barreau*, 2002 WI App 198, ¶38, 257 Wis. 2d 203, 651 N.W.2d 12. Mitchell's ages at each offense at least raise concerns about his change in character with age. At the time of the first offense he was seventeen years and ten months old and at the time of the second fully an adult in his thirties. However, Mitchell was legally an adult for both incidents,

---

[6] We note that WIS. STAT. § 948.02(1) (2003-04), did not have subsections denoting different types of first-degree sexual assault of a child but instead had the same penalty for sexual contact or sexual intercourse. In contrast, § 948.02(1) (2017-18), had five subsections of conduct considered first-degree sexual assault of a child, with sexual contact and sexual intercourse facing differing classifications depending on the age of the child and the use of threat or force. Therefore, while the evidence at trial led the State to conform the charges to reflect sexual contact under § 948.02(1)(e) (2017-18), the plea Mitchell entered for the 2003 charges were for the more general charge under § 948.02(1) (2003-04), for sexual contact or sexual intercourse.

unlike in *Barreau*, where the defendant was only thirteen at the time of his first conviction. *See id.*, ¶29. Nevertheless, even when the evidence might be considered "too remote … it may still be relevant if there is a strong similarity between the two incidents." *Id.*, ¶39. Here, Mitchell's argument fails because the similarities between the two incidents are compelling.

¶18 The State contends that the statute only requires that the prior conviction be similar and it does not contain a limit on remoteness in time. The relevance of a time gap is dependent on the similarities of the facts of the cases. *See State v. Plymesser*, 172 Wis. 2d 583, 596, 493 N.W.2d 367 (1992) ("The similarities between the two assaults do much to offset the thirteen-year gap in time between the assaults[.]"). "There is no precise point at which a prior act is considered too remote, and remoteness must be considered on a case-by-case basis." *Hunt*, 263 Wis. 2d 1, ¶64. We conclude, considering the greater latitude rule and based upon our review of the record, neither the time between the incidents nor Mitchell's age outweigh the strong similarities between the cases. Therefore, we conclude the admission of Mitchell's 2003 conviction as character evidence that satisfied both the requirements of WIS. STAT. § 904.04(2)(b)2., and the first prong of *Sullivan*.

¶19 The next step is to consider relevance, as stated in the second prong of the *Sullivan* analysis and in WIS. STAT. § 904.01. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Id.* There are two considerations within the relevance analysis: First, "whether the evidence relates to a fact or proposition that is of consequence to the determination of the action." *Sullivan*, 216 Wis. 2d at 785. Second, the "probative value, that is, whether the evidence has a tendency to make

a consequential fact more probable or less probable than it would be without the evidence." *Id.* at 786. "[P]robative value reflects the evidence's degree of relevance. Evidence that is highly relevant has great probative value, whereas evidence that is only slightly relevant has low probative value." *State v. Payano*, 2009 WI 86, ¶81, 320 Wis. 2d 348, 768 N.W.2d 832.

¶20 "A witness's credibility is always 'consequential' within the meaning of WIS. STAT. § 904.01." *Marinez*, 331 Wis. 2d 568, ¶34 (citation omitted). As is true in many child sexual assault cases, the jury is tasked with deciding whether to find credible the child alleging sexual assault or the defendant denying it. *Id.* Here, the jury had to decide the credibility of N.M.J., a child only five years old at the trial, who spoke hesitantly on the stand, and whose videotaped forensic interview was shown, versus Mitchell, an adult who denied the accusations in his own testimony. Applying the greater latitude rule to consider the relevance of the 2003 conviction, we conclude that the prior conviction had a tendency to assist the jury in assessing N.M.J's allegations of sexual assault. *See id.*

¶21 The analysis of the relevance prong comes down to the similarities between the two incidents. "The stronger the similarity between the other acts and the charged offense, the greater will be the probability that the like result was not repeated by mere chance or coincidence." *Sullivan*, 216 Wis. 2d at 786-87. Here, the strong similarities in the age of the child, the familial relationship with the child, the mode and the location of the assault all show that the 2003 conviction has high probative value to the instant case. We conclude that the 2003 conviction was relevant and that the second prong of the *Sullivan* analysis is satisfied.

¶22    The third prong of the *Sullivan* analysis fulfills the balancing test under WIS. STAT. § 904.03, to determine whether the probative value of the other acts evidence substantially outweighed the risk of unfair prejudice from the evidence.

> Unfair prejudice results when the proffered evidence has a tendency to influence the outcome by improper means or if it appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish or otherwise causes a jury to base its decision on something other than the established propositions in the case.

*Sullivan*, 216 Wis. 2d at 789-90. "Nearly all evidence operates to the prejudice of the party against whom it is offered. The test is whether the resulting prejudice of relevant evidence is *fair or unfair*." *State v. Johnson*, 184 Wis. 2d 324, 340, 516 N.W.2d 463 (Ct. App. 1994) (citation omitted).

¶23    Mitchell argues that telling the jury about the 2003 conviction aroused its horror and contempt for him, which then results in unfair prejudice. We consider whether the offered other acts evidence "appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish or otherwise causes a jury to base its decision on something other than the established propositions in the case" to assess whether unfair prejudice was created by its admission. *See State v. McGowan*, 2006 WI App 80, ¶22, 291 Wis. 2d 212, 715 N.W.2d 631 (citation omitted). The State argues that any arousal of the jury's contempt or horror is permissible under the statute because it allowed the jury to conclude that Mitchell had a certain character based on the 2003 conviction and he acted in conformity with that character in the current allegations. We disagree and reject the State's argument. As discussed above, the trial court's duty under WIS. STAT. § 904.03 to consider the risk of unfair prejudice or misleading the jury remains when evidence is admitted under § 904.04(2)(b)2.

13

¶24     Next, we consider whether the trial court weighed the risks of unfair prejudice. The trial court's discussion of why the evidence was admissible for character evidence was brief; it found that "the proffered evidence is not substantial enough to have the danger of unfair prejudice." Because the trial court's reasoning is not extensive, we independently review the record to determine if there is an appropriate basis for the court's conclusion. *See Marinez*, 331 Wis. 2d 568, ¶17 (citation omitted).

¶25     The record reflects that the State referenced the 2003 conviction once in its opening statement and again at the end of its closing statement. The only details it introduced were from reading the section of the criminal complaint to which Mitchell stipulated at the time he pled guilty. The details offered from the 2003 conviction were not as graphic as in *McGowan*, which raised obvious revulsion.[7] Further, the jury was properly instructed on how it could choose to consider this character evidence, and we presume jurors follow instructions. *See Marinez*, 331 Wis. 2d 568, ¶41. Mitchell's arguments to the contrary are conclusory. We discern no evidence in the record that the jury's sympathies were inflamed or that the State inappropriately aroused the jury's sense of horror. His assertions are pure speculation. Therefore, we conclude that the risk of unfair prejudice from introducing the 2003 conviction did not outweigh the probative value of this evidence. Accordingly, we conclude that WIS. STAT. § 904.03 and the third prong of *Sullivan* were satisfied.

---

[7] "Here, the offered evidence (testimony of forced fellatio, performed by a five-year-old child victim, followed by urination in the victim's mouth) undoubtedly aroused the jury's 'sense of horror' and 'provoke[d] its instinct to punish.'" *State v. McGowan*, 2006 WI App 80, ¶23, 291 Wis. 2d 212, 715 N.W.2d 631 (citation omitted).

¶26    Therefore, we conclude, considering the greater latitude rule, that the trial court did not erroneously exercise its discretion when it admitted the 2003 conviction as character evidence under WIS. STAT. § 904.04(2)(b)2. The facts of the prior conviction and the current allegations were sufficiently similar. The evidence was offered for the permissible purpose of character evidence. The evidence was relevant and the risk of unfair prejudice did not outweigh its probative value. Ultimately, the *Sullivan* analysis was satisfied and we discern no error by the trial court.

## CONCLUSION

¶27    For the reasons stated above, we conclude that the trial court did not erroneously exercise its discretion when it admitted Mitchell's 2003 conviction.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

15