COURT OF APPEALS
DECISION
DATED AND FILED

August 6, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1718-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2021CF83

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

PLAINTIFF-APPELLANT,

V.

KENNETH W. HILL,

DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Douglas County: GEORGE L. GLONEK, Judge. *Reversed and cause remanded with directions.*

Before Stark, P.J., Hruz and Gill, JJ.

¶1 STARK, P.J. The State appeals from an order of the circuit court denying the State's motion to admit evidence of Kenneth W. Hill's 1984 conviction in Minnesota for criminal sexual conduct in the first degree—due to Hill's sexual assault of an approximately eleven-year-old girl (hereinafter, the

1984 conviction)—at Hill's trials in this case for two counts of first-degree sexual assault of a child. The State sought to admit the 1984 conviction as character evidence under WIS. STAT. § 904.04(2)(b)2. (2021-22),[1] which permits admission of prior conviction evidence for first-degree sexual assault, first-degree sexual assault of a child, or a comparable offense in another jurisdiction in a subsequent criminal proceeding also alleging a first-degree sexual assault crime.[2] *Id.* The court denied the State's motion because it found that the "significant and compelling factual dissimilarities" between the 1984 conviction and the current charges "strongly outweigh the similarities between the incidents." In the alternative, the court also concluded, after conducting a *Sullivan*[3] analysis, that the 1984 conviction was not admissible as other-acts evidence under § 904.04(2)(a).

¶2      Our interpretation of the prior-conviction statute leads us to the following conclusions. First, in order to determine whether an offense in another jurisdiction is "comparable" to first-degree sexual assault of an adult or a child in Wisconsin, the circuit court conducts a comparison of the criminal statutes at issue, including the titles of the statutes and elements of the offenses, subject to the greater latitude rule. Second, prior conviction evidence permitted under WIS. STAT. § 904.04(2)(b)2. encompasses only the fact of the conviction, not the underlying details of the prior case. Thus, if the court determines that prior conviction evidence is admissible, the jury should be informed only that the

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] For ease of reading, we will refer to WIS. STAT. § 904.04(2)(b)2. as "the prior-conviction statute," and, from time to time, we will refer to evidence under this statute as "prior conviction evidence" or "prior-conviction statute evidence."

[3] *State v. Sullivan*, 216 Wis. 2d 768, 576 N.W.2d 30 (1998).

individual has been previously convicted of first-degree sexual assault or first-degree sexual assault of a child in Wisconsin, whichever is applicable, or a comparable offense in another jurisdiction. Third, to determine whether the prior conviction is "similar to the alleged violation," the court reviews the underlying circumstances of the current charge(s) and those of the prior conviction to determine whether they are similar, also subject to the greater latitude rule. Fourth, and finally, the other-acts evidence analysis, as developed under *Sullivan* and its progeny for § 904.04(2)(a) evidence, is inapplicable to the prior-conviction statute. Instead, the admission of prior conviction evidence is subject to WIS. STAT. § 904.01 and WIS. STAT. § 904.03.

¶3     Applying our interpretation of the prior-conviction statute in the present case, we agree with the circuit court's determination that the 1984 conviction is a "comparable offense" to first-degree sexual assault of an adult or a child under Wisconsin law. We conclude, however, that the court erroneously exercised its discretion by determining that the circumstances of the 1984 conviction are not "similar to" the allegations in the current case. Finally, because the court determined the admissibility of the prior conviction evidence under WIS. STAT. § 904.03 by assuming that the jury would hear the underlying facts of the 1984 conviction, we conclude that the court erred as a matter of law. Accordingly, we reverse and remand with directions for the court to consider the 1984 conviction under the proper standard of admissibility.

## BACKGROUND

¶4      In this case, the State charged Hill with two counts of first-degree sexual assault of a child.[4]  The first charge pertains to Hope,[5] who informed law enforcement that Hill digitally penetrated her vagina "pretty much every time" she visited Hill's house over approximately a one year period beginning in 2020—when she was twelve years old—until 2021.  The second charge pertains to Linda, who reported that Hill inserted his finger into her vagina on several occasions when she was a child.  The complaint specified one event that allegedly occurred on Halloween in 1999, when Linda was also twelve years old.  According to Linda, Hill was carrying her from the car to the house when Hill, believing that Linda was asleep, inserted his finger into her vagina.  Hope and Linda are related, and both share a familial connection with Hill.

¶5      During a pretrial hearing, the State moved to admit proof of Hill's 1984 conviction under the prior-conviction statute.  According to the criminal complaint filed in the 1984 case, Melody—who was ten or eleven years old at the time—awoke at approximately 4:15 a.m. to find Hill naked and in bed with her.  Hill asked Melody if she knew him, but Melody "told him that she did not," although "she recognized him as someone she had seen at frequent parties at the house next to hers."  Hill called Melody by her name.  According to Melody, Hill

---

[4] Hill moved the circuit court to sever these counts for trial, arguing that a trial on both charges would "unfairly prejudice the jury in its consideration of each separate, and different, allegation."  The court granted Hill's motion, but it also ruled that evidence regarding the other alleged sexual assault would be admissible as other-acts evidence at each separate trial.  That decision is not at issue in this appeal.

[5] Pursuant to the policy underlying WIS. STAT. RULE 809.86(4), we refer to the alleged victims in the current case and the victim of the 1984 conviction using pseudonyms.

4

began "kissing her on the arms and legs and tried to kiss her on her face," and when she tried to push Hill away, "he just pulled her closer." Hill continued touching Melody all over her body, including her chest and crotch area, and then Hill removed her clothes. The complaint stated that Hill "put both his finger and his penis inside [Melody's] vagina" and then "forced his penis into her mouth." Hill then "ejaculated on [Melody's] chin, neck, and upper chest area."

¶6 During the sexual assault, Hill threatened Melody "that she had better not tell anybody because, 'If you do, I'll kidnap or kill you,'" and "[w]hen [Hill] left, he told her to '[r]emember what I said.'" Melody reported the assault to her mother, and they contacted law enforcement. During the resulting investigation, Melody identified Hill in a lineup.

¶7 The circuit court denied the State's motion to admit the 1984 conviction in a written decision. The court first found that the 1984 conviction was "comparable" to WIS. STAT. § 948.02(1), as required by the prior-conviction statute. The court then relied on this court's unpublished decision in *State v. Mitchell*, No. 2021AP606-CR, unpublished slip op. (WI App July 6, 2022),[6] for the proposition that "the *Sullivan* analysis is applicable to [WIS. STAT. §] 904.04(2)(b)2." After analyzing the factual similarities and differences at

---

[6] Under WIS. STAT. RULE 809.23(3)(a), "[a]n unpublished opinion may not be cited in *any court* of this state as precedent or authority, except to support a claim of claim preclusion, issue preclusion, or the law of the case, and except as provided in par. (b)," which pertains to authored opinions. RULE 809.23(3)(a), (b) (emphasis added). *State v. Mitchell*, No. 2021AP606-CR, unpublished slip op. (WI App July 6, 2022), is a per curiam opinion and, as such, "is not an authored opinion." *See* RULE 809.23(3)(b). Therefore, the circuit court erred by relying on *Mitchell*. We cite *Mitchell* simply for this background information on the circuit court's ruling, and we will not further address the case. *See* RULE 809.23(3)(b); *see also City of Sheboygan v. Nytsch*, 2008 WI 64, ¶¶4-5, 310 Wis. 2d 337, 750 N.W.2d 475 (admonishing this court for implicitly suggesting that a previous unpublished decision has persuasive authority by concluding that the decision was "wrongly decided").

5

length, the court determined that the "significant and compelling factual dissimilarities between the 1984 incident as compared to the incidents alleged in the case at bar strongly outweigh the similarities between the incidents." Consequently, the court concluded that "the State ha[d] not met its burden of establishing the admission of [Hill's] 1984 Minnesota conviction as character evidence that satisfies both the requirements of [§] 904.04(2)(b)2. and the first prong of the *Sullivan* analysis."

¶8 According to the circuit court, the similarities between the 1984 conviction and the current charges included: the victims were approximately the same age, the allegations involved Hill's digital penetration of the victims' vaginas, and Hill allegedly told Melody and Hope not to tell anyone about the incidents. The court, however, found that the "dissimilarities" were more numerous and "clearly significant, compelling, and strong." According to the court, the dissimilarities included: Hill was twenty-one years old when he assaulted Melody, and he was approximately thirty-six and fifty-seven years old, respectively, when he allegedly assaulted Linda and Hope; Melody was not Hill's relative, while Linda and Hope had a family relation to Hill; Hill assaulted Melody in her home, and Hill allegedly assaulted Linda and Hope at his home; Hill removed Melody's clothes, but he allegedly assaulted Linda and Hope with their clothes on; Hill kissed Melody all over her body, but there were no allegations that Hill kissed or attempted to kiss Linda or Hope; Hill put his penis in Melody's vagina and ejaculated on her face and body, but it is not alleged that he did so with either Linda or Hope; and Hill told Melody not to tell anyone about the assault or he would kill her, but Hill did not directly threaten Hope when he told her not to tell anyone about the assault.

¶9 After the pretrial hearing, the State had submitted a supplemental memorandum in support of its oral motion, in which it argued, seemingly in the alternative, that Hill's 1984 conviction would also be admissible as other-acts evidence under WIS. STAT. § 904.04(2)(a). In addressing the State's motion, the circuit court applied the *Sullivan* three-prong test, and the court concluded that Hill's 1984 conviction was not relevant and that its probative value was outweighed by the danger of unfair prejudice. With respect to relevance, the court reasoned that the probative value of the 1984 conviction was "low" given "the significant and compelling factual dissimilarities of the incidents … (as well as the remoteness in time of the 1984 incident)." The court then concluded that the evidence's "low" probative value was substantially outweighed by the risk of unfair prejudice. In particular, the court determined that because the facts of the 1984 conviction were more egregious than the allegations here, the details of the 1984 conviction "would undoubtedly result in the [jury's] sympathies for the alleged victims in the case at bar being inflamed and the [jury's] sense of horror and punishment towards [Hill] being aroused." *See Sullivan*, 216 Wis. 2d at 789-90. The State appealed pursuant to WIS. STAT. § 974.05(1)(d).[7]

## DISCUSSION

¶10 This appeal presents three issues for our consideration. The first issue involves the proper interpretation of the prior-conviction statute. The second issue tasks us with determining what standard for the admission of evidence applies to the prior-conviction statute. To date, no published or citable Wisconsin court decision has addressed the operation and application of the prior-conviction

---

[7] We held oral argument in this case on June 12, 2024, in Superior, Wisconsin.

statute to sexual assault trials in this state, although we previously upheld the statute against a facial and as-applied constitutional challenge. *See State v. Gee*, 2019 WI App 31, ¶¶37, 41, 388 Wis. 2d 68, 931 N.W.2d 287. Given our conclusions on the first two issues, the third, and final, issue is whether the circuit court properly excluded evidence of the 1984 conviction.

## I. Interpreting WIS. STAT. § 904.04(2)(b)2.

¶11 Generally, "[e]vidence of a person's character or a trait of the person's character is not admissible for the purpose of proving that the person acted in conformity therewith on a particular occasion" and "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith." WIS. STAT. § 904.04(1), (2)(a). However, evidence of other crimes, wrongs, or acts may be admitted "when offered for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Sec. 904.04(2)(a). We apply the *Sullivan* three-prong test to determine the admissibility of other-acts evidence under § 904.04(2)(a). *Sullivan*, 216 Wis. 2d at 771-72. Under that test, "other-acts evidence is admissible if (1) it is offered for a permissible purpose under … § 904.04(2)(a); (2) it is relevant under WIS. STAT. § 904.01; and (3) its probative value is not substantially outweighed by the risk of unfair prejudice under WIS. STAT. § 904.03." *State v. Dorsey*, 2018 WI 10, ¶39, 379 Wis. 2d 386, 906 N.W.2d 158.

¶12 The prior-conviction statute, in contrast, has been called "an exception to the rule that prohibits other-acts evidence from being offered to prove conduct." *Gee*, 388 Wis. 2d 68, ¶22. The statute provides as follows:

> In a criminal proceeding alleging a violation of [WIS.
> STAT. §§] 940.225(1) or 948.02(1), sub. (1) and par. (a) do

> not prohibit admitting evidence that a person was convicted of a violation of [§§] 940.225(1) or 948.02(1) or a comparable offense in another jurisdiction, that is similar to the alleged violation, as evidence of the person's character in order to show that the person acted in conformity therewith.

WIS. STAT. § 904.04(2)(b)2. The Wisconsin Legislature first enacted WIS. STAT. § 904.04(2)(b) (2005-06), the former § 904.04(2)(b)2., in 2005 to augment the rule regarding other-acts evidence. *See* 2005 Wis. Act 310, § 2; *see also* § 904.04(2) (2005-06). Later, the legislature renumbered the statute and inserted what is now § 904.04(2)(b)1.[8] and added the titles "General admissibility" and "Greater latitude" to the statute. *See* 2013 Wis. Act 362, §§ 20-22, 38. Both subds. (2)(b)1. and (2)(b)2. fall under the "Greater latitude" title. Sec. 904.04(2)(b).

¶13 Whether the circuit court properly exercised its discretion by excluding the 1984 conviction is contingent upon a proper understanding of the prior-conviction statute. Therefore, to resolve this case, we must first determine under what circumstances the statute applies and what evidence may be admissible. Our review begins with the language of the statute. *See **State ex rel. Kalal v. Circuit Ct. for Dane Cnty.***, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. "Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." *Id.* We interpret statutory language "in the context in which it is used; not in isolation but as part of a whole;

---

[8] Under WIS. STAT. § 904.04(2)(b)1., for certain serious sex offenses or domestic abuse offenses, "evidence of any similar acts by the accused is admissible, and is admissible without regard to whether the victim of the crime that is the subject of the proceeding is the same as the victim of the similar act." *Id.* In *State v. Dorsey*, 2018 WI 10, ¶35, 379 Wis. 2d 386, 906 N.W.2d 158, our supreme court determined that the *Sullivan* three-prong test also applies to § 904.04(2)(b)1.

in relation to the language of surrounding or closely related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.*, ¶46.

¶14    "If this process of analysis yields a plain, clear statutory meaning, then there is no ambiguity, and the statute is applied according to this ascertainment of its meaning." *Id.* (citation omitted).  If, however, the statute "is capable of being understood by reasonably well-informed persons in two or more senses," then the statute is ambiguous. *Id.*, ¶47.  If the plain language of a statute is ambiguous, we consider the scope, context, and purpose of the statute. *Id.*, ¶¶48-49.  We review questions of statutory interpretation de novo. ***State v. Forrett***, 2022 WI 37, ¶5, 401 Wis. 2d 678, 974 N.W.2d 422.

¶15    Based on its clear statutory meaning, there are several aspects of the prior-conviction statute that are not subject to debate.  First, it applies only to "criminal proceeding[s]" where the State has charged the defendant with first-degree sexual assault of an adult or first-degree sexual assault of a child. WIS. STAT. § 904.04(2)(b)2.; *see also* WIS. STAT. §§ 940.225(1) (first-degree sexual assault), 948.02(1) (first-degree sexual assault of a child).  Second, the evidence sought to be admitted must be a *conviction* for a prior "violation of [§§] 940.225(1) or 948.02(1) or a comparable offense in another jurisdiction." Sec. 904.04(2)(b)2.; *see also* ***Gee***, 388 Wis. 2d 68, ¶36 ("[Section] 904.04(2)(b)2. is limited to only the most serious sexual assault cases … and the … evidence must be for a *conviction* of the *same crime*, as opposed to a conviction for a lesser degree of sexual assault, or charges for sexual assault that did not result in a conviction.").  Third, § 904.04(1) and (2)(a) do not prohibit admitting prior conviction evidence under this statute.

¶16 Fourth, and finally, prior conviction evidence is admissible "as evidence of the person's character in order to show that the person acted in conformity therewith," meaning that the evidence *is* admissible as propensity evidence. *See* WIS. STAT. § 904.04(2)(b)2.; *see also* **State v. Stroik**, 2022 WI App 11, ¶38, 401 Wis. 2d 150, 972 N.W.2d 640 ("A 'propensity inference' is the inference that a person acted 'in conformity with a particular character trait' on a specific occasion." (citation omitted)); **United States v. Rogers**, 587 F.3d 816, 821 (7th Cir. 2009) ("[T]he simple fact that [the defendant] had done it before makes it more likely that [the defendant] did it again. This so called 'propensity evidence' is relevant because common sense suggests that someone with a propensity to do something is more likely to have done the same thing again.").

¶17 As to the remaining parts of the statute, by their briefing and their assertions during oral argument, the parties present this court with three main questions: (1) how do courts determine whether a conviction is "a comparable offense in another jurisdiction"; (2) what information is admitted into evidence based on the phrase "evidence that a person was convicted"; and (3) what does it mean for a prior conviction to be "similar to the alleged violation"? *See* WIS. STAT. § 904.04(2)(b)2. We address each of these questions below.

### a. Comparable Offense in Another Jurisdiction

¶18 The prior-conviction statute allows a circuit court to admit "evidence that a person was convicted of a violation of [WIS. STAT. §§] 940.225(1) or 948.02(1) or a comparable offense in another jurisdiction." At oral argument, both parties agreed that the most appropriate interpretation of the phrase "comparable offense" is an elements-based analysis, meaning that the court should compare the elements of the criminal statutes at issue. We agree.

¶19   The language of the statute supports the use of an elements-based analysis.  For example, the legislature used the word "comparable" within a list containing two Wisconsin criminal statutes.  Given this context, then, the most reasonable reading is that the circuit court is to compare WIS. STAT. §§ 940.225(1) or 948.02(1) with the criminal statute in the applicable jurisdiction.  This comparison would include the elements of the crimes as well as the titles of the statutes.  *See* **Dorsey**, 379 Wis. 2d 386, ¶30 (observing that statute titles are "helpful in interpretation" and "permissible indicators of meaning … for the purpose of … relieving [] ambiguity" (alteration in original; citations omitted)).  Further, because the prior-conviction statute refers to §§ 940.225(1) and 948.02(1) generally, and not the individual statutory paragraphs addressing specific criminal elements, we conclude that the comparison is based on Wisconsin's first-degree sexual assault statutes and the other jurisdiction's statute *generally*.  In other words, when comparing the entirety of both statutes at issue, if the title and elements of the statutes are generally comparable, regardless of the specific facts or charge underlying the prior non-Wisconsin offense, the required comparison is satisfied.

¶20   As to what it means for these crimes to be "comparable," we look to the common, ordinary, and accepted meaning of the word.  *See* **Door Cnty. Highway Dep't v. DILHR**, 137 Wis. 2d 280, 293-94, 404 N.W.2d 548 (Ct. App. 1987) ("Absent statutory definition, the ordinary and accepted meaning of a word can be established by reference to a recognized dictionary.").  The definition of "comparable" is "([o]f two or more things) like in quality and quantity, *though not identical*; worthy of being considered equivalent or categorically similar because any differences are insignificant."  *Comparable*, BLACK'S LAW DICTIONARY (12th ed. 2024) (emphasis added); *see also Comparable*, MERRIAM-WEBSTER

DICTIONARY, https://www.merriam-webster.com/dictionary/comparable (last visited August 3, 2024) ("suitable for comparison" and "similar, like"); *Comparison*, MERRIAM-WEBSTER DICTIONARY, https://www.merriam-webster.com/dictionary/comparison (last visited August 3, 2024) ("identity of features: similarity" and "an examination of two or more items to establish similarities and dissimilarities").

¶21 Given these definitions, we agree with the State that "comparable," as that term is used in the prior-conviction statute, does not mean the criminal statutes must be identical. Under a plain language interpretation, the circuit court reviews the other jurisdiction's criminal statute and compares it to WIS. STAT. §§ 940.225(1) or 948.02(1) to determine if the statutes are "worthy of being considered equivalent or categorically similar" but "not identical."

### b. Evidence That a Person Was Convicted

¶22 Next, the State's position on appeal is that the prior-conviction statute does not permit admitting all of the underlying details of the 1984 conviction at the trials in this case; therefore, the State argues that it was not seeking to present that evidence to the jury. The State claims that "the circuit court misapprehended what evidence [WIS. STAT. § 904.04](2)(b)2. makes admissible, namely 'evidence that [Hill] was convicted.'" The State asserts, instead, that the court "wrongly considered 'the offered evidence' to be 'forced vaginal intercourse with and forced fellatio performed by an 11-year-old girl on [an] adult stranger, followed by [Hill] ejaculating on the victim's chin, neck and upper chest area.'"

13

¶23 Although Hill did not address this argument in his appellate briefing, at oral argument Hill argued that this portion of the statute is ambiguous.[9] He further claimed that it would not be helpful for the jury to hear only the title of the Minnesota statute, or something similar; therefore, according to Hill, the facts of the prior conviction are the "only thing that is helpful" and should come in.

¶24 Given the plain language of the statute, we agree with the State that the prior-conviction statute unambiguously allows evidence of the fact of the prior conviction to be presented to the jury, but the statute does not require that the jury hear the underlying factual circumstances of the prior case. The prior-conviction statute utilizes the phrase "evidence that a person was convicted" to describe the type of evidence that is admissible, demonstrating to this court that the admissible "evidence" is proof that the person was previously found guilty of one of the listed crimes.[10]

¶25 In comparison, WIS. STAT. § 904.04(2)(a) uses the phrase "evidence of other crimes, wrongs, or acts." *See also* § 904.04(2)(b)1. ("evidence of any similar acts by the accused"). This phrase includes evidence of "occurrences that are separated in time, place, or manner from the event alleged in" a criminal

---

[9] "[A] statute is ambiguous if it is capable of being understood by reasonably well-informed persons in two or more senses." **State ex rel. Kalal v. Circuit Ct. for Dane Cnty.**, 2004 WI 58, ¶47, 271 Wis. 2d 633, 681 N.W.2d 110. "It is not enough that there is a disagreement about the statutory meaning; the test for ambiguity examines the language of the statute 'to determine whether well-informed persons *should have* become confused, that is, whether the statutory … language *reasonably* gives rise to different meanings.'" **Id.** (citation omitted). "Statutory interpretation involves the ascertainment of meaning, not a search for ambiguity." **Id.** (citation omitted).

[10] We pause to observe that the statute uses the word "person," rather than "defendant," suggesting the possibility that the prior-conviction statute *could* apply to other individuals involved in the case, i.e., another suspect. That issue, however, is not before us on appeal, and we will not further address it.

complaint and "embrace[s] a wide variety of human conduct." *See* 7 DANIEL D. BLINKA, WISCONSIN PRACTICE SERIES: WISCONSIN EVIDENCE § 404.602 (4th ed. 2023) (collecting cases). Based on the legislature's choice to employ different language in these statutes, § 904.04(2)(a) and the prior-conviction statute clearly do not refer to the same quantum of evidence, and we conclude that the prior-conviction statute is entirely more restrictive.

¶26 Instead, the language in the prior-conviction statute more closely resembles the description of evidence admissible under WIS. STAT. § 906.09, which provides that

> [f]or the purpose of attacking character for truthfulness, a witness may be asked whether the witness has ever been convicted of a crime or adjudicated delinquent and the number of such convictions or adjudications. If the witness's answers are consistent with the previous determination of the court [subject to WIS. STAT. § 901.04], then no further inquiry may be made unless it is for the purpose of rehabilitating the witness's character for truthfulness.

Sec. 906.09(1). Significant for our purposes, the evidence presented to the jury, which the statute refers to as "[e]vidence of a conviction of a crime," "evidence of prior convictions," and "evidence of a conviction," § 906.09(2), (5), includes only the fact that "the witness has … been convicted of a crime" and how many times (absent "further inquiry"), but "evidence of a conviction" is not defined to include the factual details underlying the conviction, *see* § 906.09(1), (2).

¶27 Considering the phrase "evidence that a person was convicted" contained in the prior-conviction statute "in relation to the language of surrounding or closely-related statutes," *see* ***Kalal***, 271 Wis. 2d 633, ¶46, we observe that WIS. STAT. § 906.09 is instructive. "Statutes are closely related when they are in the same chapter, reference one another, or use similar terms." ***State v.***

15

*Rector*, 2023 WI 41, ¶35, 407 Wis. 2d 321, 990 N.W.2d 213. Here, WIS. STAT. §§ 904.04(2)(b)2. and 906.09 fit that definition. Both statutes are in chapters governing the same subject matter—rules for the admissibility of evidence. *See* WIS. STAT. ch. 904 ("Evidence—Relevancy and its Limits"); WIS. STAT. ch. 906 ("Evidence—Witnesses"). More specifically, both statutes address the admissibility of prior conviction evidence. And finally, both statutes provide a method for the admission of prior conviction evidence outside the confines of § 904.04(2)(a). As noted above, under § 906.09, the factual details underlying the witness's prior conviction(s) are not submitted to the jury. Thus, the language used in § 906.09(2)—"[e]vidence of a conviction"—supports a similar conclusion concerning the type of evidence admitted under the prior-conviction statute.

¶28 Thus, we conclude that only evidence of a prior conviction under WIS. STAT. §§ 940.225(1), 948.02(1), or a comparable offense in another jurisdiction may be admitted under the prior-conviction statute, not the factual details of the prior case.[11] Therefore, if the circuit court determines that prior-conviction statute evidence is admissible, the jury should be informed simply that the individual has been previously convicted of first-degree sexual assault of an adult or first-degree sexual assault of a child in Wisconsin, whichever is applicable, or a comparable offense in another jurisdiction.

---

[11] We pause here to note that our conclusion on this point does not mean that the factual details of the prior conviction can never be admitted at trial. There may be a circumstance where, pursuant to his or her trial strategy, the defendant could request that those details be shared with the jury. The prior-conviction statute does not, by its plain language, preclude the introduction of that evidence upon the defendant's request. Further, the prior-conviction statute also does not prohibit the State from offering the defendant's prior conviction, *including the factual details of the crime*, as other-acts evidence under WIS. STAT. § 904.04(2)(a), subject to the *Sullivan* analysis.

### c. Similar To the Alleged Violation

¶29 Next, we consider the meaning of the phrase "similar to the alleged violation." Here, we note the legislature's use of both "comparable"—as discussed above, *see supra* ¶¶18-21—and "similar" within the prior-conviction statute. These two terms ostensibly have the same meaning. The rules of statutory construction tell us, however, that because the legislature used different words, we are to presume that the words are intended to have two different meanings. *See Pawlowski v. American Fam. Mut. Ins. Co.*, 2009 WI 105, ¶22, 322 Wis. 2d 21, 777 N.W.2d 67 ("When the legislature chooses to use two different words, we generally consider each separately and presume that different words have different meanings.").

¶30 At oral argument, the State agreed that the terms have two different meanings. According to the State, "comparable," as it is used in the statute, is "law based" and requires a court to compare the elements of the crimes, while "similar" is "fact based." Hill concurred with the State that "similar" should indeed encompass a fact-based analysis of the underlying circumstances of the crimes, but he claimed that given that the 1984 conviction was not a comparable offense, we need not address whether it was similar.[12]

---

[12] Although Hill failed to argue in his appellate briefing that the prior-conviction statute is ambiguous, he claimed at oral argument that the phrase "similar to the alleged violation" is ambiguous because "we are here discussing it" and that is sufficient to find that the language "is capable of being interpreted in two or more senses." Hill did not, however, develop his argument beyond this statement or cite any legal authority at oral argument in support of this proposition. We need not address undeveloped arguments. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992). Under the circumstances, and given that the parties appear to agree that "similar to the alleged violation" encompasses a fact-based comparison between the current charge(s) and the prior conviction, we do not agree that the language *reasonably* gives rise to different meanings.

¶31 We agree with the parties that a reasonable reading of "similar to the alleged violation" is that the circuit court must conduct a fact-based analysis to determine whether the conduct underlying the prior conviction is similar to the conduct underlying the current charge.[13] We first note that given the prior-conviction statute's strict requirement that the statute applies only to charges of first-degree sexual assault of an adult or a child, it would be nonsensical for the court's similarity analysis to, like the comparable analysis, consider only the elements of the criminal statutes. We already know that the elements of the crimes are the same because they must either be the same crime under Wisconsin law or a comparable crime in another jurisdiction. Further, we cannot conduct the same analysis under both parts of the statute, as that interpretation would impermissibly render either the word "comparable" or "similar" superfluous

---

[13] We do note, for the record, that we questioned whether the so-called "rule of the last antecedent" would be applicable here. *See Stoker v. Milwaukee County*, 2014 WI 130, ¶23, 359 Wis. 2d 347, 857 N.W.2d 102. "Under that rule, 'a limiting clause or phrase … should ordinarily be read as modifying only the noun or phrase that it immediately follows.'" *Facebook, Inc. v. Duguid*, 592 U.S. 395, 404 (2021) (citation omitted). In this situation, then, a possible reading of the prior-conviction statute is that the phrase "that is similar to the alleged violation" applies only to "a comparable offense in another jurisdiction" and not to Wisconsin sexual assault cases. *See* WIS. STAT. § 904.04(2)(b)2.

We determine, however, that this interpretation is not the most reasonable reading of the statute given the context of the "similar to" phrase within the statute. First, the language before that phrase is an integrated list—"[WIS. STAT. §§] 940.225(1) or 948.02(1) or a comparable offense in another jurisdiction"—and we believe the phrase is properly read to modify each of those items in the list. *See Facebook*, 592 U.S. at 404 ("This Court has declined to apply the rule where, like here, the modifying clause appears after an integrated list."). Second, we conclude it is not reasonable to assume that the legislature intended to treat prior convictions in other jurisdictions differently when, under the statute, the charges must also be comparable. *See* WIS. STAT. § 904.04(2)(b)2. Finally, our reading is consistent with the corresponding pattern jury instruction and the Wisconsin Criminal Jury Instruction Committee's statement that "the Committee concluded that the 'similar to' requirement applies not only to prior convictions in Wisconsin but also to prior convictions of a comparable offense in another jurisdiction." *See* WIS JI—CRIMINAL 276 (2016); *State v. Olson*, 175 Wis. 2d 628, 642 n.10, 498 N.W.2d 661 (1993) ("[W]hile jury instructions are not precedential, they are of persuasive authority.").

within the statute. *See* ***Kalal***, 271 Wis. 2d 633, ¶46; ***Dorsey***, 379 Wis. 2d 386, ¶34. In essence, the legislature's use of the phrase "similar to the alleged violation" must mean something different than "a comparable offense."

¶32 That difference requires a review of the charged criminal conduct to determine its factual similarity to the facts of the defendant's prior conviction. Accordingly, the circuit court reviews how the offenses at issue—the prior conviction and the current charge(s)—were perpetrated to determine whether the circumstances are "similar." *See* WIS. STAT. § 904.04(2)(b)2. The accepted meaning of "similar" is "having characteristics in common" and "alike in substance or essentials." *Similar*, MERRIAM-WEBSTER DICTIONARY, https://www.merriam-webster.com/dictionary/similar (last visited August 3, 2024). "Similar" also means "having a likeness or resemblance, especially in a general way." *Similar*, DICTIONARY.COM, https://www.dictionary.com/browse/similar (last visited August 3, 2024). The statute does not, by its plain language, require that the factual circumstances of the prior conviction and the current charge(s) be identical, strictly similar, exactly similar, or more similar than not. Instead, the court need only consider whether the facts of the cases are similar, which, as the accepted meaning of the word demonstrates, is a low bar.

¶33 Further, the statutory requirement that a prior conviction be "similar" to the current charges(s) demonstrates to this court the legislature's intent that prior-conviction statute evidence still comply with other rules of evidence. Similarity goes to the question of relevancy. As our supreme court has explained in the context of other-acts evidence, "[t]he measure of probative value in assessing relevance is the similarity between the charged offense and the other act." ***State v. Hurley***, 2015 WI 35, ¶79, 361 Wis. 2d 529, 861 N.W.2d 174

19

(citation omitted). "Similarity [may be] demonstrated by showing the 'nearness of time, place, and circumstance' between the other-act and the charged crime." *Id.* (citation omitted). "However, events that are dissimilar or that do not occur near in time may still be relevant to one another," and "[e]ven when evidence may be considered too remote, the evidence is not necessarily rendered irrelevant if the remoteness is balanced by the similarity of the two incidents." *Id.*, ¶80 (citation omitted). Accordingly, determining similarity is, like determining probative value, "a common sense determination based less on legal precedent than life experiences." *See* *State v. Payano*, 2009 WI 86, ¶70, 320 Wis. 2d 348, 768 N.W.2d 832 (citation omitted).

## II. Standard for the Admission of Evidence Under WIS. STAT. § 904.04(2)(b)2.

¶34 We next turn to the question of what standard for admission applies to prior conviction evidence, specifically whether the *Sullivan* analysis for other-acts evidence and the greater latitude rule apply. In *Gee*, we noted that the circuit court in that case determined that the evidence sought to be admitted under the prior-conviction statute was subject to the *Sullivan* test, but we observed that the court "provided no legal authority for this proposition, and we have found none." *Gee*, 388 Wis. 2d 68, ¶43. We concluded, however, that the question of whether the *Sullivan* test applied to the prior-conviction statute was not before us at that time. *Gee*, 388 Wis. 2d 68, ¶43 n.3.

¶35 Here, the issue on appeal requires us to determine what standard for the admission of the prior conviction evidence applies. This determination also requires us to interpret and apply the statute, which, as noted above, are questions

of law that we review de novo. *See Quick Charge Kiosk LLC v. Kaul*, 2020 WI 54, ¶9, 392 Wis. 2d 35, 944 N.W.2d 598.

¶36 On appeal, the State argues that *Sullivan* is not applicable to prior conviction evidence. According to the State, "*Sullivan* is a test for other[-]act[s] evidence offered for a permissible non-propensity purpose under [WIS. STAT. §] 904.04(2)(a)"; therefore, applying the *Sullivan* analysis to prior conviction evidence is "wrong" because the statute permits admitting evidence to show propensity and is "plainly incompatible with an analysis premised on identifying a non-propensity purpose for evidence offered under a different section of the statute."

¶37 At oral argument, the State clarified that labeling this a *Sullivan* analysis is "calling it the wrong thing" because the prior-conviction statute addresses prongs one and two of the *Sullivan* analysis within the statute itself. The State was adamant, however, that the circuit court must still conduct a WIS. STAT. § 904.03 analysis. For his part, Hill noted during oral argument that he was not asking us to "abandon application of *Sullivan* to" the prior-conviction statute, but he appeared to agree that under the circumstances, the *Sullivan* analysis is not "necessary" or "helpful."

¶38 We conclude that prior-conviction statute evidence is not subject to a traditional *Sullivan* analysis as that test has developed under *Sullivan* and its progeny. Instead, the admission of evidence under this statute is, like all proffered evidence, subject to the requirements that the evidence be relevant, *see* WIS. STAT. § 904.01, and that it overcomes the WIS. STAT. § 904.03 balancing test, *see State v. Davidson*, 2000 WI 91, ¶34, 236 Wis. 2d 537, 613 N.W.2d 606.

¶39    We reach the conclusion that the ***Sullivan*** analysis is inapplicable based on the legislature's clear intent to lower obstacles to the admission of propensity evidence in a very narrow class of cases. As the State observes, evidence of a prior conviction could always have been introduced under WIS. STAT. § 904.04(2)(a), subject to the ***Sullivan*** analysis; therefore, there had to be a purpose for the legislature to create a narrow exception to § 904.04(2)(a)'s requirements for specific crimes. Under these circumstances, and given this court's prior conclusion that the prior-conviction statute is constitutional, *see **Gee***, 388 Wis. 2d 68, ¶¶37, 41, we refuse to burden the admission of prior conviction evidence under this statute by applying an inapplicable evidentiary standard.

¶40    The ***Sullivan*** three-prong test was developed to address the admission of WIS. STAT. § 904.04(2)(a) evidence, but subd. (2)(b)2. is *an exception* to para. (2)(a)'s "general prohibition on the use of other acts 'to prove the character of a person in order to show that the person acted in conformity therewith.'" *See **Dorsey***, 379 Wis. 2d 386, ¶29 (citation omitted). Thus, the first prong of the ***Sullivan*** analysis—requiring that the evidence is offered for a permissible purpose—clearly does not apply because subd. (2)(b)2. supersedes para. (2)(a)'s restriction on character evidence. Under subd. (2)(b)2., the State may offer evidence of a defendant's prior conviction for the purpose of demonstrating a defendant's propensity to commit the charged offense. *See **Gee***, 388 Wis. 2d 68, ¶28. The concept of an impermissible purpose is irrelevant under subd. (2)(b)2.

¶41    As to ***Sullivan***'s second prong, we agree that prior-conviction statute evidence must be relevant, but we conclude that this prong is subsumed both by the evidence's use as character evidence and by the statute's "similar to the alleged violation" requirement, neither of which are present under WIS. STAT.

§ 904.04(2)(a). "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." WIS. STAT. § 904.01.

¶42 Initially, we agree with the State's assertion that propensity evidence is, by its nature, relevant evidence. *See United States v. Guardia*, 135 F.3d 1326, 1328 (10th Cir. 1998) ("Propensity evidence is relevant." (citation omitted)). Beyond that assertion, however, case law tells us that, under *Sullivan*'s second prong, for evidence to be relevant it must be both "of consequence to the determination of the action" and "have probative value when offered for that purpose." *See Payano*, 320 Wis. 2d 348, ¶68 (citation omitted). These questions are inapplicable to the prior-conviction statute.

¶43 Evidence of other acts "is inherently relevant to prove character and therefore a propensity to behave accordingly," and so, under *Sullivan* and WIS. STAT. § 904.04(2)(a), "the real issue is whether the other act is relevant to anything else." *Payano*, 320 Wis. 2d 348, ¶67 (quoting BLINKA, *supra*, § 404.604). Prior-conviction statute evidence is admissible to prove propensity; thus, the "real issue" under *Sullivan* is itself not relevant. *See* BLINKA, *supra*, § 404.604. Evidence of a conviction for *the same crime* (or a comparable crime in another jurisdiction) is clearly probative of "the proposition that because the person did prior act X, he or she is of such a character and disposition to have committed present act Y." *See State v. Johnson*, 184 Wis. 2d 324, 336-37, 516 N.W.2d 463 (Ct. App. 1994); *Guardia*, 135 F.3d at 1328 ("A defendant with a propensity to commit acts similar to the charged crime is more likely to have committed the charged crime than another. Evidence of such a propensity is therefore relevant.").

¶44    The second component of the *Sullivan* relevancy determination—concerned with probative value—is not necessarily inapplicable, but it is entirely superfluous.  As explained above, "[t]he measure of probative value in assessing relevance is the similarity between the charged offense and the other act." *See Hurley*, 361 Wis. 2d 529, ¶79 (citation omitted).  Under the prior-conviction statute, the circuit court is required to determine whether the prior conviction and the current charge(s) are similar.  It would be unproductive to require the court to conduct the same analysis twice. *See Dorsey*, 379 Wis. 2d 386, ¶34.  If the court concludes that the prior conviction for the same or a comparable crime in another jurisdiction is similar to the current charge, then the prior conviction has probative value and is relevant under WIS. STAT. § 904.01.  *Cf. Guardia*, 135 F.3d at 1330-31 (observing that "[p]ropensity evidence … has indisputable probative value" and that "propensity evidence has a unique probative value in sexual assault trials [as those] trials often suffer from a lack of any relevant evidence beyond the testimony of the alleged victim and the defendant"); *United States v. Enjady*, 134 F.3d 1427, 1431 (10th Cir. 1998) (same); *Michelson v. United States*, 335 U.S. 469, 476 (1948) (noting the "admitted probative value" of propensity evidence).

¶45    Finally, we come to the third prong of the *Sullivan* analysis: the balancing test under WIS. STAT. § 904.03.[14]  Given the statutory differences in the

---

[14] WISCONSIN STAT. § 904.03 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  "The term 'substantially' indicates that if the probative value of the evidence is close or equal to its unfair prejudicial effect, the evidence must be admitted." *State v. Payano*, 2009 WI 86, ¶80, 320 Wis. 2d 348, 768 N.W.2d 832 (citation omitted; formatting altered).  "[P]robative value reflects the evidence's degree of relevance. Evidence that is highly relevant has great probative value, whereas evidence that is only slightly relevant has low probative value." *Id.*, ¶81.

language and required analysis between WIS. STAT. § 904.04(2)(a) and (2)(b)2., we conclude that the traditional analysis under *Sullivan*'s third prong is simply not a workable test to apply to prior-conviction statute evidence. As the § 904.03 unfair prejudice analysis has developed for other-acts evidence under *Sullivan*'s third prong, our supreme court has explained that "[p]rejudice is not based on simple harm to the opposing party's case, but rather 'whether the evidence tends to influence the outcome of the case by improper means.'" *Hurley*, 361 Wis. 2d 529, ¶87 (citation omitted). Where other-acts evidence is concerned, "improper means" would involve the evidence being presented as propensity evidence rather than for a permitted purpose under § 904.04(2)(a). Put another way, the danger of unfair prejudice in the context of *Sullivan*'s third prong is the risk that the jury will draw an improper propensity inference against the defendant based on the other-acts evidence. *See State v. Fishnick*, 127 Wis. 2d 247, 261-62, 378 N.W.2d 272 (1985) (stating that the danger of unfair prejudice when using other-acts evidence "is the potential harm in a jury's concluding that because an actor committed one bad act, he [or she] necessarily committed the crime with which he [or she] is now charged"). But, again, it is proper under the prior-conviction statute to present prior conviction evidence to demonstrate propensity.

¶46    Accordingly, rather than assert that *Sullivan*'s third prong applies to the prior-conviction statute, it is more appropriate to simply state that the admission of this evidence is subject to WIS. STAT. § 904.03's balancing test.[15]

---

[15] We reach our conclusion that WIS. STAT. § 904.03 applies to the prior-conviction statute based on *State v. Gee*, 2019 WI App 31, 388 Wis. 2d 68, 931 N.W.2d 287. In *Gee*, we explained that "[i]n drafting WIS. STAT. § 904.04(2)(b)2., the legislature looked to FED. R. EVID. 413(a)." *Gee*, 388 Wis. 2d 68, ¶29. FEDERAL R. EVID. 413(a) provides: "Permitted Uses. In a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault. The evidence may be considered on any matter to which it is relevant." *See also* FED. R. EVID. 414(a) (allowing evidence that the

(continued)

Section 904.03 states that "evidence may be excluded" based on the weighing of "its"—meaning the evidence's—probative value against that statute's enumerated concerns. Given that the prior-conviction statute admits evidence of the fact of the conviction, rather than evidence of the underlying conduct, the § 904.03 analysis would apply to only the fact of the conviction.

¶47 In other words, the question before the circuit court would be whether the probative value of evidence that a person was previously convicted of first-degree sexual assault of an adult or child or a comparable offense in another jurisdiction, absent any details of the case, is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of

---

defendant "committed any other child molestation"). We observed that FED. R. EVID. 413(a) "is broader than … § 904.04(2)(b)2., in that it allows other[-]acts evidence to be admitted for any purpose in the prosecution of any degree of sexual assault," but we noted that "[n]evertheless, FED. R. EVID. 413(a) has been held to comport with due process requirements." *Gee*, 388 Wis. 2d 68, ¶30. Thus, in part, we based our conclusion that the prior-conviction statute complies with the requirements of due process on the constitutionality of FED. R. EVID. 413(a). *Gee*, 388 Wis. 2d 68, ¶37.

In doing so, we relied on *United States v. Enjady*, 134 F.3d 1427 (10th Cir. 1998). There, the United States Court of Appeals for the Tenth Circuit considered the constitutionality of FED. R. EVID. 413(a) and determined that the federal rule was not unconstitutional under the Due Process Clause of the Fourteenth Amendment *because of* the safeguards of FED. R. EVID. 403 but that "without the safeguards embodied in RULE 403," the rule would be unconstitutional. *See Enjady*, 134 F.3d at 1433; *Gee*, 388 Wis. 2d 68, ¶¶30-31; *see also United States v. Mound*, 149 F.3d 799, 800-01 (8th Cir. 1998) (same). FEDERAL R. EVID. 403 parallels WIS. STAT. § 904.03. Thus, because our holding in *Gee* was based, in part, on *Enjady*'s reasoning, we understand *Gee*'s holding to be that the prior-conviction statute is also constitutional only when combined with § 904.03's evidentiary safeguards. We cannot overrule or modify *Gee*'s holding in that regard, *see Cook v. Cook*, 208 Wis. 2d 166, 190, 560 N.W.2d 246 (1997), and we agree that the admission of prior-conviction statute evidence is subject to § 904.03's balancing test, *see also State v. Davidson*, 2000 WI 91, ¶34, 236 Wis. 2d 537, 613 N.W.2d 606 (noting that all evidence must clear the balancing test set forth in § 904.03).

cumulative evidence.  *See* WIS. STAT. § 904.03.  The court should consider all of these § 904.03 factors in its analysis.

¶48    As it pertains specifically to unfair prejudice under WIS. STAT. § 904.03, we acknowledge that there is clearly still a concern that a jury, presented with prior conviction evidence, may convict the defendant on the basis that he or she is a "bad" person.  However, as the court in *Enjady* explained with regard to FED. R. EVID. 413, the evidentiary rule "is based on the premise that evidence of other sexual assaults is highly relevant to prove propensity to commit like crimes, and often justifies the risk of unfair prejudice."  *Enjady*, 134 F.3d at 1431.  Additionally, a cautionary instruction to the jury may mitigate the possibility of unfair prejudice.  *See* *Hurley*, 361 Wis. 2d 529, ¶89 ("Limiting instructions substantially mitigate any unfair prejudicial effect."); WIS JI—CRIMINAL 276 (2016).

¶49    Finally, we address the greater latitude rule in the context of the prior-conviction statute.  "Wisconsin has a long common law tradition of applying more relaxed standards to the admissibility of other[-]acts evidence of similar crimes in sexual assault cases," which is known as the greater latitude rule.  *Gee*, 388 Wis. 2d 68, ¶26 (citing *Dorsey*, 379 Wis. 2d 386, ¶32).  In *Dorsey*, our supreme court interpreted the meaning of WIS. STAT. § 904.04(2)(b)1. and determined that it "allows admission of other-acts evidence with greater latitude under a *Sullivan* analysis."  *Dorsey*, 379 Wis. 2d 386, ¶5.  In doing so, the court observed that "the title of subd. (2)(b)1., 'Greater latitude,' is instructive." *Dorsey*, 379 Wis. 2d 386, ¶30.  While the court "note[d] that '[t]itles … are not part of the statutes,' WIS. STAT. § 990.001(6)," it affirmed that titles are "permissible indicators of meaning … for the purpose of … relieving [] ambiguity," *Dorsey*, 379 Wis. 2d 386, ¶30 (second and third alteration in original;

citation omitted).[16]  Accordingly, our supreme court stated: "In the context of its title, 'Greater latitude,' we interpret subd. (2)(b)1. as adopting the common law greater latitude rule to permit the admission of other, similar acts of domestic abuse with greater latitude." *Dorsey*, 379 Wis. 2d 386, ¶31.

¶50  We apply *Dorsey*'s holding in this regard to the prior-conviction statute and conclude that the greater latitude rule applies to all aspects of the statute's analysis to allow for the more liberal admission of evidence of a prior conviction for first-degree sexual assault of an adult or a child (or a comparable offense in another jurisdiction).  The title of WIS. STAT. § 904.04(2)(b) is "Greater latitude," and that title would reasonably apply equally to both subd. (2)(b)1. and subd. (2)(b)2.  The *Dorsey* court's holding, then, persuades us that subd. (2)(b)2. also adopts the greater latitude rule.  *See Dorsey*, 379 Wis. 2d 386, ¶31.  We are also persuaded that "the greater latitude rule applies to the entire analysis" under this statute to "permit the more liberal admission" of prior conviction evidence at trial.  *See Davidson*, 236 Wis. 2d 537, ¶51; *Dorsey*, 379 Wis. 2d 386, ¶33.  Prior conviction evidence, however, "is not automatically admissible," and the circuit court must still ensure that it is properly admitted pursuant to the rules of evidence, as discussed above.  *See Davidson*, 236 Wis. 2d 537, ¶52; *see also supra* ¶¶34-48.

---

[16] In *Dorsey*, our supreme court concluded that WIS. STAT. § 904.04(2)(b)1. is ambiguous because the "plain language interpretation of subd. (2)(b)1. contradicts the plain language of para. (2)(a)." *Dorsey*, 379 Wis. 2d 386, ¶¶29-30.  Ultimately, the court determined that it could not "read subd. (2)(b)1. as an exception to para. (2)(a)'s general prohibition on propensity." *Dorsey*, 379 Wis. 2d 386, ¶29.  The court's reasoning in *Dorsey* does not apply here because the prior-conviction statute *is*, by its plain language, an exception to para. (2)(a).

**III. Exclusion of the 1984 Conviction Was an Erroneous Exercise of Discretion**

¶51    Now that we have determined the proper interpretation of the prior-conviction statute and what standard for the admission of evidence applies, we must address whether the circuit court properly excluded evidence of Hill's 1984 conviction.  Determining whether the court properly excluded evidence requires us to review the court's exercise of discretion.  *See State v. Jackson*, 2014 WI 4, ¶43, 352 Wis. 2d 249, 841 N.W.2d 791.  "A circuit court erroneously exercises its discretion if it applies an improper legal standard or makes a decision not reasonably supported by the facts of record."  *Id.* (citation omitted).  "Whether the circuit court applied the proper legal standards … presents a question of law subject to independent appellate review."  *Pinczkowski v. Milwaukee County*, 2005 WI 161, ¶15, 286 Wis. 2d 339, 706 N.W.2d 642.

¶52    On appeal, the State argues that the circuit court erroneously exercised its discretion by excluding evidence of the 1984 conviction because the court applied an improper legal standard to its analysis of the prior-conviction statute.  According to the State, the court: (1) completely failed to apply the greater latitude rule to its "similar" analysis under the prior-conviction statute; (2) applied the *Sullivan* test for other-acts evidence to the prior-conviction statute evidence; and (3) failed to use the correct legal standards for the relevance and WIS. STAT. § 904.03 analyses.

¶53    Hill argues that the circuit court *did* properly exercise its discretion by considering the greater latitude rule and determining that "greater latitude is not 'total or absolute latitude.'"  Further, Hill asserts that the court properly determined that the dissimilarities between the 1984 conviction and the current

29

charges were too numerous and that the court appropriately relied on this court's unpublished decision in *Mitchell*.[17] Finally, Hill claims that the "court rightfully identified that admitting the [1984] conviction would result in unfair prejudice to Mr. Hill that outweighed its low probative value" because "the prior conviction would arouse the jurors' 'senses of horror and punishment' because there are 'many ... graphic and disturbing facts involved in the 1984 incident.'"

¶54 We agree with the State that the circuit court failed to correctly analyze the evidentiary requirements of the prior-conviction statute, which then led the court to apply an incorrect legal standard to the question of whether the evidence was admissible. The court properly determined that the 1984 conviction is a "comparable offense in another jurisdiction." *See* WIS. STAT. § 904.04(2)(b)2. The court erroneously exercised its discretion, however, by deciding that the 1984 conviction is not "similar to" the allegations in the current case. Finally, the court erroneously failed to consider only the fact of the prior conviction, rather than the underlying facts of the prior case, being heard by the jury in weighing the prior conviction's admissibility under WIS. STAT. § 904.03. Accordingly, we reverse and remand for the court to apply the proper standard of admissibility to the 1984 conviction under the prior-conviction statute.

¶55 Hill was convicted of criminal sexual conduct in the first degree under MINN. STAT. § 609.342(c) (1984). The circuit court agreed with the State that the 1984 conviction was a "comparable offense in another jurisdiction" within the meaning of the prior-conviction statute. On appeal, Hill conceded in his

---

[17] As we expressed above, *see supra* note 6, the circuit court erred by relying on *Mitchell* to reach its decision in this case. *See* WIS. STAT. RULE 809.23(3)(a).

response brief that the offenses were comparable, stating that "the State admittedly satisfied this requirement."

¶56    Then, in a surprising turn of events, Hill walked back his concession at oral argument, arguing before this court that MINN. STAT. § 609.342(c) (1984) is not comparable to first-degree sexual assault of an adult or first-degree sexual assault of a child in Wisconsin.[18]    Hill claimed that the offenses are not comparable due to the dissimilar titles of the statutes; the fact that MINN. STAT. § 609.342(c) (1984) did not require a specific age of the child; and the fact that the Wisconsin statutes criminalize sexual contact, while the Minnesota statute required penetration.    For these reasons, Hill argued that the statutes are not identical or narrowly or substantially similar.    The State, in response, argued that "comparable" does not mean "identical."    It further asserted that the fact that the Minnesota statute required penetration does not impact comparability with the Wisconsin statute because the Minnesota statute was narrower, rather than broader.

¶57    We conclude that the circuit court did not erroneously exercise its discretion by determining that MINN. STAT. § 609.342 (1984) is a "comparable offense in another jurisdiction."    *See* WIS. STAT. § 904.04(2)(b)2.    As we

---

[18] Given Hill's failure to develop in his appellate brief his belated claim that the 1984 conviction is not comparable to first-degree sexual assault of an adult or first-degree sexual assault of a child in Wisconsin and his failure to raise this issue until oral argument, we could refuse to reach the issue based on the forfeiture rule.    *See A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 492, 588 N.W.2d 285 (Ct. App. 1998).    At oral argument, Hill argued that we should not conclude that he forfeited this issue because it would be a "disservice to the bench and the bar to not address it."    We have the authority to disregard a forfeiture and address an allegedly forfeited claim on the merits.    *See State v. Erickson*, 227 Wis. 2d 758, 766, 596 N.W.2d 749 (1999) ("[T]he [forfeiture] rule is one of judicial administration and … appellate courts have authority to ignore the [forfeiture].").    Here, we choose to address Hill's claim.

explained above, *see supra* ¶¶18-21, this determination is an elements-based analysis of the criminal statutes generally to determine comparability, subject to the greater latitude rule. The title of MINN. STAT. § 609.342 (1984) was "Criminal Sexual Conduct in the First Degree"; thus, both the Minnesota statute and the Wisconsin statute address criminal sexual conduct in the first degree. The Minnesota statute criminalized conduct where the defendant "engage[d] in sexual penetration with another person and if any of the [enumerated] circumstances exist[ed]." Some of these circumstances included, for example, an age component, the complainant having "a reasonable fear of imminent great bodily harm," the actor being "armed with a dangerous weapon," or the actor "caus[ing] personal injury to the complainant." MINN. STAT. § 609.342 (1984). By comparison, in this case, Hill was charged under WIS. STAT. § 948.02(1), which is sexual assault of a child. The Wisconsin statute also contains an age component as well as provisions for "use or threat of force or violence" and where the actor "causes great bodily harm." Sec. 948.02(1).

¶58 Based on our review of the titles and elements of the statutes, we conclude that the statutes are comparable. Both statutes criminalize conduct as a first-degree crime, both statutes criminalize sexual penetration/intercourse, both statutes contain an age element, and both statutes contain provisions addressing the use or threat of force or violence and bodily harm. *Compare* WIS. STAT. § 948.02(1) *with* MINN. STAT. § 609.342 (1984). As noted, the statutes need not be identical or even substantially similar. Especially given the application of the greater latitude rule, we conclude that the offenses are comparable.

¶59 Next, we address the circuit court's conclusion that the 1984 conviction is not "similar to the alleged violation[s]" in the current case. As we explained above, *see supra* ¶¶29-33, the court must analyze how the prior

conviction and the current charges were perpetrated to determine whether the circumstances are "similar." *See* WIS. STAT. § 904.04(2)(b)2. Here, the court conducted a detailed review of the facts underlying the 1984 conviction and the allegations in the current case. While the court acknowledged some similarities between the cases, the court also concluded that "the collective factual dissimilarities between [Hill's] 1984 Minnesota conviction and the factual allegations in the case at bar … are clearly significant, compelling, and strong."

¶60    We conclude that the circuit court erred by determining that the 1984 conviction is not similar to Hill's current charges. The court appropriately acknowledged "some level of similarities between" the 1984 conviction and the current allegations: "[A]ll incidents involve a child victim (approximately the same age) and all incidents involve unlawful sexual touching and penetration of the victims' vaginas with [Hill's] finger." The court also noted that Hill had told both Melody and Hope not to tell anyone about the assaults. As the State argued, "[s]imilarity in age of victims … is a common and significant fact that courts consider," as is the "the nature of the assaults." *See, e.g.*, **Hurley**, 361 Wis. 2d 529, ¶¶65-67 (concluding that the victims' "allegations were similar" and noting the similar ages of the victims and that "both sets of assaults involved digital penetration").

¶61    By focusing on the differences between the 1984 conviction and the current allegations, however, the circuit court set the similarity bar too high when viewed under the umbrella of the greater latitude rule. The prior-conviction statute does not require that the cases be the same or more similar than different. The statute merely asks whether the cases are similar, and the answer to that question is subject to the greater latitude rule. The State concedes that the court identified "two significant dissimilarities": "Hill's age at the time of each offense

and, relatedly, the remoteness in time." However, the State notes that "it is clear that when courts apply the greater latitude rule, these factors are not given sufficient weight to defeat admissibility where there are relevant similarities." *See, e.g.*, **Hurley**, 361 Wis. 2d 529, ¶¶69, 85 (collecting cases). Even under **Sullivan**, our case law recognizes that "[s]ometimes dissimilar events will be relevant to one another." **Payano**, 320 Wis. 2d 348, ¶70 (citations omitted). Thus, under the proper standard of similarity, as modified by the greater latitude rule, we conclude that the 1984 conviction is "similar to" the current allegations as a matter of law, given that the victims were all females, that they were all essentially the same age, that each allegation involved digital penetration, and that Hill told two of the girls not to tell anyone.

¶62 Finally, we address the circuit court's decision to consider the underlying facts and circumstances of the case to determine admissibility under WIS. STAT. § 904.03, rather than considering only the fact of the 1984 conviction. The analysis of the prior-conviction statute evidence under § 904.03 requires the court to weigh whether the probative value of "evidence that a person was convicted of a violation of [WIS. STAT. §§] 940.225(1) or 948.02(1) or a comparable offense in another jurisdiction" "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *See* WIS. STAT. §§ 904.04(2)(b)2., 904.03. Again, this determination is not made with regard to the details and circumstances of the prior case because the jury will not hear those details; therefore, there is no possibility of those details causing unfair prejudice, confusion of the issues, or misleading the jury. The court should consider only whether mere knowledge of the prior conviction is inadmissible under § 904.03, subject to the greater latitude rule.

¶63 Additionally, in terms of unfair prejudice, we reiterate that this determination "must be made with great care because '[n]early all evidence operates to the prejudice of the party against whom it is offered…. The test is whether the resulting prejudice of relevant evidence is *fair or unfair*." ***Payano***, 320 Wis. 2d 348, ¶88 (alteration in original; citation omitted); *see also* ***State v. Veach***, 2002 WI 110, ¶91, 255 Wis. 2d 390, 648 N.W.2d 447 (affirming the circuit court's decision, pursuant to the greater latitude rule, which found "graphic, disturbing, and extremely prejudicial" other-acts evidence admissible based on its "tremendous probative value"). As we observed previously, however, the court's WIS. STAT. § 904.03 analysis for prior-conviction statute evidence must be different from its analysis under ***Sullivan***'s third prong for other-acts evidence because the concern is not the same. *See* BLINKA, *supra*, § 404.604 ("In this context, 'unfair prejudice' refers to the danger that the jury will draw the forbidden character/propensity inference regardless of a[] limiting instruction.").

¶64 Accordingly, we reverse and remand for the circuit court to apply the proper standard of admissibility under WIS. STAT. § 904.03 to Hill's 1984 conviction.

*By the Court.*—Order reversed and cause remanded with directions.

Recommended for publication in the official reports.